# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOHN KANIA MITCHELL VOGEL,** | |
| *Appellant*, | |
| v. | Civil No. 1:23-cv-02307-JRR |
| **EDWIN K. PALMER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF KAREN ANN MITCHELL-SMITH,** | Bankruptcy Case No. 23-13848-NVA |
| *Appellee.* | |

## MEMORANDUM OPINION

Pending before the court is Appellant John Kania Mitchell Vogel's appeal from an order of the United States Bankruptcy Court granting Appellee Edwin K. Palmer's motion (in his capacity as Chapter 7 Trustee for Karen Ann Mitchell-Smith) for a Federal Rule of Bankruptcy Procedure 2004 examination. (ECF No. 1.) Both parties have filed their briefs. (ECF Nos. 4, 6.) The court has reviewed all papers. Pursuant to Federal Rule of Bankruptcy Procedure 8019 and Local Rule 105.6, no hearing is necessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. For the reasons that follow, by accompanying order, Appellant Mitchell Vogel's appeal will be dismissed.

**I.  BACKGROUND**

Appellee is the Chapter 7 Bankruptcy Trustee of the bankruptcy estate of Appellant's mother, Karen Ann Mitchell-Smith. (Bankr. Ct. ECF No. 22 at p. 1.) Appellant and his mother owned properties together; Appellee commenced an adversary proceeding against Appellant to sell the aforementioned properties on September 9, 2022. *Id.* ¶¶ 5–6. Thereafter, on June 1, 2023,

Appellant filed a Chapter 13 Voluntary Petition. (Bankr. Ct. ECF No. 1.) On July 20, 2023, Appellee, as Chapter 7 Trustee, filed his motion seeking court authorization to issue a subpoena duces tecum and to appear to TD Bank, N.A., for an examination pursuant to Bankruptcy Rule 2004.[1] (Bankr. Ct. ECF Nos. 20, 22; the "Bankruptcy Rule 2004 Examination Motion.") According to the Bankruptcy Rule 2004 Examination Motion, Appellant "scheduled an interest in a bank account with" T.D. Bank, N.A., and "[a]t the meeting of creditors, 2023, [he] testified that he deposited all of his income into that bank account." (Bankr. Ct. ECF No. 22 ¶ 8.) Appellee asserted that he needed to review the subject bank account in his administration of Appellant's mother's case. *Id.* ¶ 9. Thereafter, on August 9, 2023, the Bankruptcy Court granted the Bankruptcy Rule 2004 Examination Motion without a hearing. (Bankr. Ct. ECF No. 35.) Appellant filed a notice of appeal of the order on August 21, 2023. (Bankr. Ct. ECF No. 40.)

Appellant contends here that he was not served with a copy of the Bankruptcy Rule 2004 Examination Motion. (ECF No. 3 ¶ 3.) Appellee counters that a copy of the Bankruptcy Rule 2004 Examination Motion was mailed to Appellant at both addresses listed on his bankruptcy petition. (ECF No. 6 ¶ 4.)

## II.   LEGAL STANDARD

Federal district courts have jurisdiction to hear appeals from final judgments and orders from the U.S. Bankruptcy Court under 28 U.S.C. 158(a)(1).[2] *See Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013) ("[I]n bankruptcy cases, we allow immediate appellate review of orders that finally dispose of discrete disputes within the larger case." (citation omitted)). "[T]he

---

[1] Appellee filed a motion and amended motion on the same day requesting the same relief. (Bankr. Ct. ECF Nos. 20, 22.) The Bankruptcy Court treated the motions as one. (Bankr. Ct. ECF No. 35.)

[2] Federal district courts also have jurisdiction to hear appeals of interlocutory orders and decrees in limited circumstances: (1) when the order was issued under 11 U.S.C. § 1121(d); or (2) with leave of the court. 28 U.S.C. § 158(a). Neither provision is applicable here.

district court reviews the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." *Patterson v. Mahwah Bergen Retail Grp., Inc.*, 636 B.R. 641, 662 (E.D. Va. 2022) (citing *Mar-Bow Value Partners, LLC v. McKinsey Recovery & Transformation Serv. US, LLC*, 578 B.R. 325, 328 (E.D. Va. 2017)); *see In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992) ("Findings of fact by the bankruptcy court in proceedings within its full jurisdiction are reviewable only for clear error and legal questions are subject to *de novo* review."); *Khan v. Citibank*, No. CV PX 16-3121, 2017 WL 2311185, at *2 (D. Md. May 26, 2017) (same). "[T]he 'clearly erroneous' standard does not insulate findings 'made on the basis of the application of incorrect legal standards.'" *In re Stanley*, 66 F.3d 664, 667 (4th Cir. 1995) (quoting *Consolidation Coal Co. v. Local 1643, UMWA,* 48 F.3d 125, 128 (4th Cir. 1995)).

Relevant here, "*pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017) (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)). "Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented." *Id.* (citations omitted).

### III.  ANALYSIS

Appellee avers that Appellant's appeal of the Bankruptcy Court's order granting the Bankruptcy Rule 2004 Examination Motion is not a final order, and, therefore, this court lacks jurisdiction. Bankruptcy Rule 2004 is "the basic discovery device in bankruptcy cases." *In re Bestwall, LLC*, 99 F.4th 679, 686 (4th Cir. 2024) (citations omitted). It provides: "[o]n motion of any party in interest, the court may order the examination of any entity." FED. R. BANKR. P. 2004(a). Generally, discovery orders, like an order ruling on a motion for a Bankruptcy Rule 2004

3

examination, are not "final and appealable"; rather, such orders "are part of resolving a larger dispute." *In re Bestwall, LLC*, 99 F.4th at 686 (citing cases regarding interlocutory orders); *see In re: Coleman Crater, LLC.*, 15 F. App'x 184 (4th Cir. 2001) (affirming the dismissal of a Rule 2004 order appeal as interlocutory).

Courts in this circuit and others have noted that Bankruptcy Rule 2004 orders are not final orders over which federal district courts have jurisdiction pursuant to 28 U.S.C. § 158(a)(1). *See Decker v. Scott*, No. 5:19-CV-00009, 2019 WL 4491332, at *3–4 (W.D. Va. Sept. 18, 2019) ("[S]everal courts have held that orders specifically compelling discovery—including those denying motions to quash subpoenas issued pursuant to Rule 2004 orders—are interlocutory and not subject to immediate appeal. . . .  This court joins the above cases in holding that a bankruptcy court's order compelling discovery is not a final order, judgment, or decree subject to immediate appeal." (citing cases)); *W.S. Badcock Corp. v. Beaman*, No. 4:14-CV-169-BO, 2015 WL 575422, at *1 (E.D.N.C. Feb. 11, 2015) ("[T]he Court returns to the general rule that discovery orders are not final decisions subject to immediate appeal.  This view has been followed by numerous courts in the context of bankruptcy, and specifically in the context of Rule 2004 orders." (citing cases)); *Hongkong & Shanghai Banking Corp. Ltd. v. Brandt for CFG Peru Invs. Pte. Ltd. (Singapore)*, No. 17-CV-6672 (VEC), 2017 WL 6729191, at *2 (S.D.N.Y. Dec. 29, 2017) ("Courts have routinely found that bankruptcy court orders granting or denying discovery, including orders related to Rule 2004 discovery, are not final for the purposes of an appeal to a district court" (citing cases)); *In re Gray*, 447 B.R. 524, 531 (E.D. Mich. 2011) ("Moreover, the majority of courts that have considered the issue have held that orders granting or denying Rule 2004 examinations are, like discovery orders, interlocutory." (citing cases)).  Where a Bankruptcy Rule 2004 order is "a step toward gathering the information necessary to estimate [] liability," and not an order that

4

"'finally dispose[s] of [a] discrete dispute' within the bankruptcy dispute," the order is interlocutory and not immediately appealable as of right. *In re Bestwall, LLC*, 99 F.4th at 686–87 (quoting *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020)).

Appellant now appeals the Bankruptcy Court's order granting a Bankruptcy Rule 2004 discovery motion. The motion did not "finally dispose of [a] discrete dispute," but rather constituted a step to allow Appellee to gather information. *See In re Bestwall, LLC*, 99 F.4th at 687, *supra*. Because this court's jurisdiction in this matter is limited to final judgments, orders, and decrees of the Bankruptcy Court, *see* 28 U.S.C. § 158(a)(1), and the order on appeal is a discovery device (as opposed to a final resolution of a discrete dispute), the court agrees with Appellee that it lacks jurisdiction to hear Appellant's appeal.[3]

## IV. CONCLUSION

For the reasons set forth herein, by separate order, this appeal will be dismissed.

Date: July 16, 2024

/S/
Julie R. Rubin
United States District Judge

---

[3] While this court's decision is informed by the Fourth Circuit's recent decision in *In re Bestwall, LLC*, a decision that followed the parties' briefs, no additional briefing from the parties is necessary. Although instructive as a general proposition, the Fourth Circuit's decision there concerns appeals of contempt and sanctions orders related to a Bankruptcy Rule 2004 order; in answering the question before the court, the Fourth Circuit relied upon precedent from this circuit and persuasive authority from others on appeals of discovery orders. *In re Bestwall, LLC*, 99 F.4th at 686–87. In short, the principle that a discovery order is not a final order appealable to the district court is not a novel concept that was unknown to the parties at the time of appeal. Moreover, and perhaps most importantly, Appellant did not address this court's jurisdiction in his brief, nor did he file a reply brief responding to Appellee's arguments challenging this court's jurisdiction. Appellant bears the burden of demonstrating this court's jurisdiction. *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019) (noting that the plaintiff "bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction"); FED. R. BANKR. P. 8014(a) ("The appellant's brief must contain the following," *inter alia*, "the basis for the district court's . . . jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction," and "an assertion that the appeal is from a final judgment, order, or decree, or information establishing the district court's . . . jurisdiction on another basis."). Appellant included no such jurisdictional statement and, as previously stated, neglected to respond to Appellee's jurisdictional argument. Appellant has had multiple opportunities to address this issue and has repeatedly declined to do so.